UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW SMITH | ) | CASE NO. |
| 2413 Hood Ave. | ) | |
| Cleveland, Ohio 44109 | ) | JUDGE |
| | ) | |
| *On behalf of himself and all others* | ) | **PLAINTIFF'S CLASS AND** |
| *similarly situated,* | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorse Herein) |
| *v.* | ) | |
| | ) | |
| CRAFT BREW COMPANY, INC. | ) | |
| c/o Statutory Agent Patrick Potopsky | ) | |
| 18590 Bagley Rd. | ) | |
| Middleburg Heights, OH 44130 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| PATRICK POTOPSKY | ) | |
| 18590 Bagley Rd. | ) | |
| Middleburg Heights, OH 44130 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Andrew Smith, by and through counsel, respectfully files this Class and

Collective Action Complaint against Defendants Craft Brew Company, Inc. and Patrick

Potopsky and states and alleges the following:

**INTRODUCTION**

1.      Plaintiff Andrew Smith brings this case to challenge policies and practices of

Defendants Craft Brew Company, Inc. (hereinafter also referred to as "Brew Garden") and

Patrick Potopsky (hereinafter collectively referred to as "Defendants") that violated the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of

Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b),

which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.     This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this judicial district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.     At all times relevant, Plaintiff Andrew Smith was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6.     Defendant Craft Brew Company, Inc. is an Ohio for-profit corporation with its principal place of business in Cuyahoga County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Craft Brew Company, Inc.'s Ohio statutory agent for service of process is Patrick Potopsky, 18590 Bagley Rd., Middleburg Heights, OH 44130.[1]

---

[1] https://businesssearch.ohiosos.gov/?=businessDetails/2072333 (accessed Sept. 25, 2019).

7.      Upon information and belief, Defendant Patrick Potopsky resides in Cuyahoga County, Ohio. Defendant Patrick Potopsky is, upon information and belief, a founder and owner of Brew Garden. Defendant Patrick Potopsky is sued in his individual capacity. According to records maintained by the Ohio Secretary of State, "Pat Potopsky," 18590 Bagley Rd., Middleburg Heights, OH 44130, has controlled the active registered trade name "Brew Garden" since Sept. 2011. [2]

**FACTUAL ALLEGATION**

**Defendants' Business**

8.      Defendants are owners and operators of two Brew Garden restaurant locations operating at 16555 South Park Center, Strongsville, Ohio 44136, and 18590 Bagley Road, Middleburg Heights, Ohio 44130. [3]

**Plaintiff's, the FLSA Collective's and the Ohio Class's Employments with Defendants**

9.      Defendants have employed at least one hundred hourly workers during the relevant period.

10.      Plaintiff Andrew Smith was employed by Defendants from about July 2019 to the present as a cook at the Strongsville, Ohio Brew Garden location.

11.      At all times relevant, Plaintiff, the FLSA Collective and the Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq.*

12.      Plaintiff, the FLSA Collective and the Ohio Class were classified by Defendants as non-exempt employees and paid on an hourly basis.

---

[2] https://businesssearch.ohiosos.gov/?=businessDetails/2045731 (accessed Sept. 25, 2019).
[3] *See* https://www.brewgarden.com/directions (accessed Sept. 18, 2019).

3

13.     Part of Plaintiff's, the FLSA Collective's and the Ohio Class's job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce.

14.     At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

### Defendants' Statuses as Employers

15.     At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. §§ 4111.01, *et seq.*, and employed hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class.

16.     Defendant Patrick Potopsky was an employer pursuant to 29 U.S.C. § 203(d) in that he was a "person [who] act[ed] directly or indirectly in the interest of an employer," Brew Garden, "in relation to employees," including Plaintiff and the other members of the FLSA Collective and Ohio Class. Defendant Patrick Potopsky had operational control over significant aspects of Brew Garden's day-to-day functions, including compensation of employees.

17.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

18.     Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

19.     Defendants were each employers of Plaintiff and other members of the FLSA Collective and Ohio Class as each Defendant exercised the power to hire or fire hourly employees; supervised and controlled hourly employees' work schedules or conditions of

employment; determined hourly employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

### Defendants' Statuses as a "Single Employer" and "Single Enterprise"

20.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r). At all times relevant, Defendants have operated as a single enterprise within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of Brew Garden restaurants in Northeast Ohio

21.     Defendants own and operate Brew Garden restaurants in Northeast Ohio.

22.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of Defendants' Brew Garden restaurants.

23.     Defendants share employees between restaurant locations.

24.     Defendants share common management between Brew Garden restaurant locations.

25.     Defendants share common human resources and payroll services between Brew Garden restaurant locations.

26.     Defendants provide the same array of products and services to customers at the Brew Garden restaurant locations.

27.     Defendants represent themselves to the general public as a single entity – Brew Garden – operating at multiple locations. Defendants use the trade name "Brew Garden" at all of their restaurant locations. Defendants' restaurants are advertised on the same website.[4]

---

[4] https://www.brewgarden.com (accessed Sept. 18, 2019).

28.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

29.     Defendants' Brew Garden restaurants provide the same service product to customers by using a set formula when conducting business. Defendants operate each Brew Garden restaurant location identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

30.     Part of that set formula is the deprivation of overtime to their hourly employees as outlined in this Complaint.

## Defendants' Failure to Pay Overtime Compensation

31.     The FLSA and Ohio law required Defendants to pay overtime compensation to their non-exempt employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

32.     Plaintiff and other members of the FLSA Collective and Ohio Class frequently worked more than forty (40) hours in a single workweek.

33.     However, instead of compensating Plaintiff, the FLSA Collective, and the Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiff, the FLSA Collective, and the Ohio Class their regular, straight time hourly rates for all hours worked. Defendants regularly paid hourly employees in cash, or "off the books" at hourly employees' regular, straight time hourly rates.

34.     In addition, the FLSA defines an employee's workweek as a "fixed and regularly recurring period of 168 hours - seven consecutive 24-hour periods." 29 CFR § 778.105.

Although Defendants were required to calculate and pay overtime for hours exceeding forty (40) hours in a seven day workweek period, Defendants unlawfully calculated and paid Plaintiff and other members of the FLSA Collective and Ohio Class overtime for hours in excess of eighty (80) hours in a two workweek, fourteen consecutive day period.

35.     Defendants' failure to compensate Plaintiff, the FLSA Collective, and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay each workweek violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

36.     Although Defendants suffered and permitted Plaintiff, the FLSA Collective, and Ohio Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff, the FLSA Collective, and Ohio Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Collective and Ohio Class were not properly paid overtime for many of their overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

### Defendants' Failure to Pay for All Hours, Including Overtime Hours, Worked

37.     In addition to the above unlawful overtime payroll practices or policies, Defendants consistently failed to pay Plaintiff, the FLSA Collective, and Ohio Class for all hours, including overtime hours, worked. 29 U.S.C. § 207.

38.     As Defendants paid straight-time for overtime hours in cash "off the books," Defendants did not accurately track and compensate overtime at the time and one-half rate required. For example, on September 11, 2019, Defendants provided Plaintiff with an envelope of cash with approximately $30.00 as a straight time overtime payment.

7

39.     Although Defendants suffered and permitted Plaintiff, the FLSA Collective, and Ohio Class to work more than forty (40) hours in a single workweek, Defendants failed to pay Plaintiff, the FLSA Collective, and Ohio Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in each workweek. *See* 29 C.F.R. § 785.11. Moreover, though hourly employees regularly completed tasks that are required by Defendants, were performed for Defendants' benefit, and constituted part of hourly employees' principal activities and/or were integral and indispensable to their principal activities, hourly employees were not paid for all time spent performing these tasks.

40.     As a result, Plaintiff, the FLSA Collective, and Ohio Class were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, et seq., and Ohio law.

### Defendants' Record Keeping Violations

41.     Despite being able to accurately track hourly employee's overtime hours utilizing Defendants' timekeeping software, Defendants failed to make, keep and preserve complete and accurate records of overtime hours of Plaintiff and other members of the FLSA Collective and Ohio Class sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by the FLSA and Ohio law.

42.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours

worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

43.     Defendants failed to keep accurate records of hours worked. Thus, Defendants did not record or pay all hours worked in violation of the FLSA and Ohio law.

### The Willfulness of Defendants' Violations

44.     Defendants knew that Plaintiff, the FLSA Collective, and Ohio Class were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

45.     Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

### COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

48.     The FLSA Collective consists of:

> All present and former hourly employees of Defendants during the period of three years preceding the commencement of this action to the present.

49.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

50.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

51.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees of Defendants during the period of two years preceding the commencement of this action to the present.

54.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 100 persons.  The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

55.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants paid overtime compensation to Plaintiff and other class members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek;

> Whether Defendants' failure to pay overtime compensation to Plaintiff and other class members at one and one-half times their "regular rate" for all hours worked each workweek in excess of forty hours in a workweek was willful; and

> What amount of monetary relief will compensate Plaintiff and other class members for Defendants' violation of O.R.C. §§ 4111.03 and 4111.10.

56.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

57.     Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

58.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

59.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

60.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61.     Plaintiff brings this claim for violation of the FLSA's overtime provisions.

62.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

63.     Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

64.     Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

65. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

66. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

67. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

68. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

69. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

70. Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

71. These violations of Ohio law injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

72.     Having injured Plaintiff, the FLSA Collective, and Ohio Class, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law. O.R.C. § 4111.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.     Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.     Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E.     Award Plaintiff compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ *Kevin M. McDermott II*
Kevin M. McDermott II (0090455)